ARTHUR J. FRITZ & CO. (C. S. ANDERSON) *v.* UNITED STATES

No. 4364.—

Entered at San Francisco, Calif., September 2, 1936.
Appraisement entry No. 898.

(Decided June 30, 1938)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

DALLINGER, Judge: This purported appeal to reappraisement is in the form of a protest which, so far as here pertinent, reads as follows:

The Collector of Customs, Port of

Sir: Protest is hereby made against your liquidation or your decision assessing, imposing or collecting duty, fees, or other exactions, or excluding any merchandise from entry or delivery, or your refusal to reliquidate for clerical error, in connection with the entries or other matters referred to below. The reasons for objection under tariff act of 1930 are as follows:

Based upon our calculation we find that there was a clerical error made in estimating the appraised value.

It is further claimed that said merchandise should have been classified as entered, or at 10 or 20 percent ad valorem under paragraph 1558, or at the rates prescribed by any of the provisions above cited, by virtue of section 502 (c), or of the similitude or the mixed-material clause in paragraph 1559. Each of the claims asserted herein is made with the proviso and condition that the duty claimed is less than the duty assessed. This protest is intended to apply to all goods covered by the entries referred to, of the same kind or character as the goods specified, whether or not particularly enumerated herein.

| Entry | Vessel | Entered or arrived | Liqui-dated | Items |
|-------|--------|--------|--------|-------|
| Appraisement entry #898 | Ital. SS Feltre | 9/2/36 | 3/17/37 | 2 Os. Piano Accordions. |

ARTHUR J. FRITZ and Co. a/c
C. S. ANDERSON.
(sgd.) ARTHUR J. FRITZ,
LAWRENCE & TUTTLE, *Attorneys,*
*500 Sansome Street, San Francisco*

The said protest was filed in this court on September 3, 1937, and was ordered by the presiding judge to be treated as an appeal to reappraisement and docketed for hearing as such.

An examination of the papers discloses that no consumption entry was made and filed by the importer, and that liquidation was made merely upon an appraisement entry, pursuant to section 498 (a) of

the Tariff Act of 1930, which section, so far as here pertinent, reads as follows:

SEC. 498. ENTRY UNDER REGULATIONS.

(a) AUTHORIZED FOR CERTAIN MERCHANDISE.—The Secretary of the Treasury is authorized to prescribe rules and regulations for the declaration and entry of—

\* \* \* \* \* \* \*

(2) Merchandise damaged on the voyage of importation, by fire or through marine casualty or any other cause, without fault on the part of the shipper;

\* \* \* \* \* \* \*

At the hearing held before me at San Francisco on February 21, 1938, the pleadings were amended by adding thereto the following claims:

a) That the action of the appraiser was illegal and therefore should be set aside.

b) That the invoice should be remanded to the appraiser for further action.

c) That the liquidation of the entry was premature and should be set aside, because no valid appraisement has been made.

d) That duty should be assessed on a value of $1,804.54 as reported by the appraiser on March 24, 1937.

e) That said report should be regarded as a correction of appraisement, and duty should have been assessed accordingly.

f) That the clerical error made by the appraiser should have been corrected on liquidation.

The plaintiff then offered in evidence the testimony of Mose M. London, the United States examiner at the port of San Francisco who passed the present importation. He testified that the imported articles consisted of piano accordions; that the shipment contained twenty-one accordions; that he found two missing and the others damaged; that the facts stated in the appraiser's "Answer to Protest" are correct; and that the witness made a mistake in estimating the appraised value. The "Answer to Protest" referred to reads:

APPRAISEMENTS:

This protest states that "Based upon our calculations we find that there was a clerical error made in estimating the appraised value."

The merchandise involved consists of accordions which were entered on an Appraisement Entry as damaged merchandise presumably under Sub-division A–2 of Section 498 of the Tariff Act. In checking the merchandise, Examiner London found that two accordions valued at Lit. 1200 each were short and that the other contents of the two cases were damaged. In making his report of value in U. S. currency as required by the Appraisement Entry form he had to calculate an appraised value by making allowance for the two accordions that were short and make a further deduction for the damage allowance on the remaining accordions and convert his Italian currency into American dollars at the rate specified for the date of exportation. He made an error in his calculations in reaching the value of $2,249.00. He has recalculated and finds that the value which he should have reported for this merchandise in the condition as imported is $1,804.54.

C. J. EVANS, *Appraiser.*

No fact is disputed. Indeed, counsel for the Government in his brief filed herein concedes that the facts warrant granting to the importer the relief asked for. But unfortunately this court is without jurisdiction and consequently powerless to grant such relief.

In *Krower, Tynberg Co. (Inc.)* v. *United States,* T. D. 37533, G. A. 8139, 34 Treas. Dec. 136, this court (then the Board of General Appraisers) said:

This appeal requests the reappraisement of certain samples which had been entered on an appraisement order without invoice and were valued by the appraiser at 165 francs. At the trial counsel for the Government moved to dismiss the appeal on the ground that no regular entry had been made and no right of appeal to reappraisement exists. Paragraph M of section 3 of the tariff act of 1913 reads in part as follows:

If the importer, owner, agent, or consignee of such merchandise shall deem the appraisement thereof too high, *and shall have complied with the requirements of law with respect to the entry and appraisement of merchandise,* he may, within ten days thereafter, appeal for reappraisement by giving notice thereof to the collector in writing.

In the case of R. F. Downing & Co., G. A. 6732 (T. D. 28814), which was a protest filed against the action of the collector in refusing to forward to the board a reappraisement appeal filed against the values of merchandise found by the appraiser, which merchandise had been entered on an appraisement order under article 1450 of the Customs Regulations of 1899, the board held that the regulations of the Secretary of the Treasury authorizing the entry by appraisement conferred no privileges of reappraisement in violation of the Federal statutes and that the collector was justified in refusing the application of the importers for reappraisement, as an importer had no statutory right of appeal in such case.

*The appraiser acted as an agent of the importers in finding the market value of the merchandise and an appeal of the importer against the action of his agent can not be entertained.*

I find that the importers have not "complied with the requirements of law with respect to the entry and appraisement" of the merchandise, and the appeal is therefore dismissed.

In *Oriental Trading Art & Looms Co. (Inc.)* v. *United States,* T. D. 44725, 59 Treas. Dec. 650, this court, speaking through Judge Sullivan, held that where merchandise, purchased in a foreign country, is forwarded to the United States by mail, and the value thereof stated on an informal paper by an employee of the Post Office Department, and duty thereon was paid by the importer, an appeal from such valuation under section 501 of the Tariff Act of 1922 did not lie, for the reason that there had not been a formal entry and appraisement of the merchandise. In that case the court said:

I have always believed that the intention of the administrative act of 1890, and the successive statutes passed thereafter, was to grant an importer the right to contest the valuation or classification of merchandise brought into the United States; yet reluctantly I arrive at the conclusion that mail-order entries where the amounts are less than $100, entered by the Government upon its own order, not being entries made by the importer under the statute governing entries and appraisement, are not really entries, and, in the light of the regulations provided

by the Secretary of the Treasury, I conclude that an appeal can not be taken to this court in the case at bar.

The statement in article 355 of the Customs Regulations of 1923, that liquidation of mail entries is subject to protest, may or may not be availing—I am not passing thereon. I am passing on the law and the rules of the Secretary which became part of the law which provides—

\* \* \* No such appeal filed by the consignee, or his agent, shall be deemed valid, unless he has complied with all the provisions of this act relating to the entry and appraisement of such merchandise. \* \* \*

This precludes the plaintiff from appealing from the value found by the examiner in the Post Office Department.

On the foregoing authorities I hold as a matter of law that the so-called appeal to reappraisement must be, and the same hereby is, dismissed.

Judgment will be rendered accordingly.